**FILED**

JAN 2 1 2015

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. **4:15CR0028 RLW/TCM** |
| SHAWN SANDERS, | ) |
| Defendant. | ) |

## INDICTMENT

### COUNT ONE
[Theft of Government Property]

**THE GRAND JURY CHARGES THAT:**

At all times material to these charges:

1. The Social Security Act of 1935 initiated the Federal and State Unemployment Insurance (UI) System, designed to provide benefits to persons out-of-work due to no fault of their own. The purpose of the UI System was to lessen the effects of unemployment through cash payments made directly to laid-off workers, insuring that at least a significant portion of necessities of life, most notably food, shelter and clothing were met on a week-to-week basis while the worker sought employment.

2. The UI System is administered for the federal government in Missouri by the Missouri Division of Employment Security (MODES).

3. Upon becoming involuntarily unemployed, a worker can make a claim for benefits by either contacting MODES by telephone or submitting an application via the Internet. The application claim form includes the applicant's name, social security number, information on past employment including the last employer's name, dates worked and reason for becoming

unemployed. To continue receiving benefits each week thereafter, the worker is required to submit a claim either via the Internet or telephone requesting additional payment of benefits. The weekly claim forms require the worker to certify whether he or she worked and received any earnings during the weekly period.

4. When the initial claim is filed, the claimant is given printed material concerning his or her rights and responsibilities under the Missouri Employment Security Law. That material includes an explanation of the necessity for reporting all wages earned from any source during the weeks for which benefits are claimed and the necessity for reporting other forms of income such as tips, commissions, vacation and holiday pay, military reserve drill pay, workers' compensation or employer pension. Also included is a statement regarding penalties provided for knowingly making false statements or withholding information to obtain or increase benefits.

5. In addition, the website operated by MODES, www.labor.mo.gov/DES/Claims, and the automated phone system, both provide specific warnings to a claimant that deliberately filing a false statement or claim or withholding information to receive benefits could result in benefits being terminated, penalties being assessed and the claimant being arrested, fined and imprisoned.

6. MODES relied upon the worker's answers in the weekly claim to determine whether to continue paying benefits.

7. An eligible worker can receive up to 26 weeks of state-funded benefits per benefit year. The federal government funds some of the administrative costs incurred by MODES. After the initial benefit period, a worker can receive extended unemployment benefits funded by the federal government.

8. MODES pays UI Benefits by issuing a debit card to a worker or by issuing a check to the worker or by an automatic deposit into an account designated by the worker.

9. On July 1, 2008, the U.S. Congress (Congress) passed an Emergency Unemployment Compensation law which provides that any extended UI benefits which an unemployed worker is eligible to receive will be 100 percent federally funded. A worker is eligible to receive extended UI benefits only after the worker's state funded UI benefits expired. To fund these federal benefits, Congress created and moved funding into the Extended Unemployment Compensation Account (EUCA). The state was permitted to periodically draw money from the EUCA to fund all extended UI benefits.

10. On February 17, 2009, Congress passed the American Reinvestment and Recovery Act (ARRA), which contributed additional funds for unemployment benefits. One of the provisions of ARRA called for every worker currently receiving state UI benefits to receive an additional $25 in federal funds each week.

11. At times pertinent to this indictment in the years 2009 and 2010, **SHAWN SANDERS**, the defendant, applied for and received UI benefits through MODES to which he was not entitled. The defendant represented on a weekly basis that he was an individual, "MW," and that as "MW," he had earned no income. The defendant represented himself to be "MW" without the knowledge or permission of "MW," and applied for and received UI benefits without the knowledge or permission of "MW." In those years, the defendant fraudulently received $5,775.00 in federal benefits and $8,000.00 in Missouri benefits.

12. At times pertinent to this indictment in the years 2011 and 2012, **SHAWN SANDERS**, the defendant, applied for and received UI benefits through MODES to which he was not entitled. The defendant represented on a weekly basis that he was an individual, "KB," and

3

that as "KB," he had earned no income. The defendant represented himself to be "KB" without the knowledge or permission of "KB," and applied for and received UI benefits without the knowledge or permission of "KB." In those years, the defendant fraudulently received $3,290.00 in federal benefits and $4,700.00 in Missouri benefits.

13.  From March, 2009 through August, 2012, in the Eastern District of Missouri,

**SHAWN SANDERS,**

the defendant, did knowingly and willfully steal, purloin and knowingly convert to his own use money belonging to the United States with an aggregate value of $1,000.00 or more, to wit, unemployment benefits with an aggregate value of $9,065.00, all as part of a single scheme and plan to obtain unemployment benefits using means of identification issued to other individuals, to wit, "MW" and "KB."

In violation of Title 18, United States Code, Section 641.

## COUNT TWO
### [Aggravated Identity Theft]

14.  Paragraphs 1 through 12 are incorporated by reference as if fully set out herein.

15.  From March of 2009 through February of 2010, in the Eastern District of Missouri, the defendant,

**SHAWN SANDERS,**

did knowingly use, without lawful authority, a means of identification of another person during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit theft of government funds in violation of 18 U.S.C. § 641, knowing that the means of identification belonged to another actual person, in violation of Title 18, United States Code, Section

4

1028A(a)(1), in that the defendant used social security number *****7504 issued to "MW" to apply for and receive unemployment insurance benefits.

## COUNT THREE
### [Aggravated Identity Theft]

16. Paragraphs 1 through 12 are incorporated by reference as if fully set out herein.

17. From April of 2012 through August of 2012, in the Eastern District of Missouri, the defendant,

**SHAWN SANDERS,**

did knowingly use, without lawful authority, a means of identification of another person during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit theft of government funds in violation of 18 U.S.C. § 641, knowing that the means of identification belonged to another actual person, in violation of Title 18, United States Code, Section 1028A(a)(1), in that the defendant used social security number *****3325 issued to "KB" to apply for and receive unemployment insurance benefits.

A TRUE BILL

_____
FOREPERSON

RICHARD G. CALLAHAN
United States Attorney

_____
GWENDOLYN E. CARROLL
Assistant United States Attorney